# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 22, 2022

Lyle W. Cayce
Clerk

No. 19-60807

Muntaser B. Abubaker Abushagif,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 200 910 227

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:

In our previous opinion, *Abushagif v. Garland*, 15 F.4th 323 (5th Cir. 2021), we decided every issue but one. We agreed with Abushagif that the BIA had

> abused its discretion by entirely failing to address his CAT claim. On that point, he is correct. A CAT "claim is separate from . . . claims for asylum and withholding of removal and should receive separate analytical attention." *Efe v. Ashcroft*, 293 F.3d 899, 906–07 (5th Cir. 2002). Moreover, the BIA must not leave asserted CAT claims unaddressed. *See Eduard v. Ashcroft*, 379 F.3d 182, 196 (5th Cir. 2004).

*Id.* at 335. We therefore "remand[ed] for the limited purpose of the Board's addressing Abushagif's CAT claim." *Id.*

No. 19-60807

The BIA did as directed.  On March 4, 2022, it announced dismissal of the appeal of the immigration judge's order.  The Board reasoned that the "motion to reopen to seek protection under the CAT fails for the same reasons that his motion to reopen for asylum and withholding of removal failed. He did not meet his burden to establish his prima facie eligibility for relief."

More specifically, the BIA noted, *inter alia*, that Abushagif had not provided sufficient evidence to corroborate his alleged conversion to Christianity or his bisexuality.  The Board also concluded that the motion to reopen "lacks veracity" shown by "documentary inconsistencies," which "are detrimental because they bear on whether the respondent has a clear probability of being tortured if he returns to Libya."

Because there is no error, the petition for review is DENIED.